UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL BONANO,

                                 Petitioner,                      Case # 19-CV-6385-FPG

v.

                                                                         DECISION AND ORDER

JAMES P. THOMPSON, Superintendent of Collins
Correctional Facility,

                                 Respondent.
_____

## INTRODUCTION

*Pro se* Petitioner Michael Bonano brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241, 2254. ECF No. 1. This Court initially transferred the case to the Southern District of New York, concluding that it would be a more convenient forum. ECF No. 3. The Southern District transferred the case back. ECF No. 8. It concluded that because Petitioner was only challenging "the validity of parole proceedings that took place in . . . the Western District," this district was the proper venue. *Id.* at 4. After the transfer, the Court granted Petitioner's *in forma pauperis* motion and allowed the case to proceed to service. ECF No. 10.

        Respondent James P. Thompson, Superintendent of Collins Correctional Facility, has now moved to dismiss the action as moot because Petitioner has been released on parole. ECF No. 14. For the reasons that follow, Respondent's motion is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE.

## DISCUSSION

"Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to those cases which present a 'case or controversy.'" *Champion v. Connell*, No. 07-CV-1266, 2009 WL 290451, at *1 (N.D.N.Y. Feb. 4, 2009). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.*

1

"The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Id.* As is relevant here, "[a]n inmate's habeas challenge of his parole revocation becomes moot following reinstatement to parole, absent a demonstration of collateral consequences." *Opperisano v. Jones*, 286 F. Supp. 3d 450, 461 (E.D.N.Y. 2018) (collecting cases). This is because "habeas petitions concerning parole revocations challenge the validity of incarceration," thereby leaving a court with "no recourse or remedy to offer an inmate who has been re-paroled." *Id.* at 461-62; *see also Razzoli v. U.S. Parole Comm'n*, 116 F. App'x 292, 293 (2d Cir. 2004) (summary order).

Here, it is undisputed that Petitioner has been released from custody to parole. *See* ECF No 15 at 3. Accordingly, to the extent Petitioner challenges the imprisonment that resulted from the allegedly unlawful parole rescission, his claim is moot.[1] *See, e.g.*, *Stewart v. Schult*, No. 09-CV-195, 2009 WL 1813279, at *2 (N.D.N.Y. June 25, 2009) (collecting cases).

Nevertheless, the petition separately alleges that correctional officials incorrectly calculated his maximum sentence, a claim distinct from his parole claim. *See* ECF No. 1 at 1-4; ECF No. 19 at 3, 8-9. Respondent has not presented the Court with authority to establish that this claim became moot upon Petitioner's release to parole. Even so, this claim appears to fail for a different reason—it is untimely. Under 28 U.S.C. § 2244(d), "a one-year statute of limitations applies to applications for writs of habeas corpus," which encompasses claims that state officials "wrongfully calculated an inmate's sentence." *Soto v. Superintendent*, No. 11-CV-223, 2014 WL 3819025, at *8 (N.D.N.Y. Aug. 4, 2014). The limitations period runs from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Petitioner seems to argue that he is facing collateral consequences because his present parole supervision imposes "major curtailments of [his] liberty." ECF No. 19 at 3. But the Court fails to see how that injury is causally connected to his claim: Petitioner would be subject to the same parole conditions whether or not his parole was unlawfully rescinded.

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In this case, the only relevant triggering events are subsections (A) and (D). Petitioner was sentenced in March 2011 on his current convictions. *See* ECF No. 1 at 1; *see also Bonano v. Staniszewski*, No. 12-CV-5879, 2016 WL 11263168, at *3 (E.D.N.Y. Sept. 2, 2016). In November 2012, he brought an action under 42 U.S.C. § 1983 against various state officials in part on the theory that his current sentence had been miscalculated.[2] *See Bonano*, 2016 WL 11263168, at *3-4. As a result, Petitioner did not file the present petition until many years after his conviction became final and he became aware of the issue. His petition is untimely under § 2244 and is therefore subject to dismissal. *See Soto*, 2014 WL 3819025, at *9.

However, the Second Circuit has instructed that a district court should not dismiss a petition *sua sponte* on timeliness grounds without affording the petitioner notice and an opportunity to be heard. *See Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000). For that reason, the Court will give the parties an opportunity to respond to the Court's conclusion regarding the statute of limitations. The parties may file supplemental memoranda limited to that issue by November 4, 2019.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (ECF No. 14) is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE. As to Petitioner's claims concerning

---

[2] The district court dismissed Petitioner's § 1983 claim, concluding that it was barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Bonano*, 2016 WL 11263168, at *6.

his parole rescission, they are dismissed as moot. Respondent's motion is denied without prejudice with respect to Petitioner's claims regarding the calculation of his sentence. By **November 4, 2019**, the parties may file supplemental memoranda regarding whether such claims are timely under 28 U.S.C. § 2244.

    IT IS SO ORDERED.

Dated: October 8, 2019
       Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court