UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL BONANO,

                                    Petitioner,                    Case # 19-CV-6385-FPG

v.

                                                                           DECISION AND ORDER

JAMES P. THOMPSON, Superintendent of Collins
Correctional Facility,

                                  Respondent.

On October 8, 2019, the Court granted in part and denied in part without prejudice Defendant's motion to dismiss. ECF No. 21. It granted the motion with respect to any claims concerning Petitioner's parole rescission, finding that those claims were moot. *Id.* at 3-4. It denied without prejudice the motion with respect to Petitioner's claims regarding the calculation of his sentence, requesting further briefing as to whether those claims were timely. Both parties filed responses. Having reviewed that briefing, the Court concludes that those claims are untimely and must be dismissed.

"[A] one-year statute of limitations applies to applications for writs of habeas corpus," which encompasses claims that state officials "wrongfully calculated an inmate's sentence." *Soto v. Superintendent*, No. 11-CV-223, 2014 WL 3819025, at *8 (N.D.N.Y. Aug. 4, 2014). The limitations period runs from the latest of one of four events:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

As the Court noted in its previous order, Petitioner claims that in or around 2010, state officials engaged in wrongdoing that had the effect of extending his sentence for an earlier conviction. ECF No. 1 at 2-3; ECF No. 19 at 8. Despite being aware of his claim for many years, Petitioner did not seek habeas relief until March 2019. By any of the measures listed in § 2244(d), his claims are untimely.

Petitioner responds that he spent many of the intervening years prosecuting a § 1983 complaint based on the same allegations. *See Bonano v. Staniszewski*, No. 12-CV-5879, 2016 WL 11263168, at *3 (E.D.N.Y. Sept. 2, 2016). When his claims were dismissed and the action terminated, he claims to have diligently pursued state habeas relief. *See* ECF No. 25 at 2. When that failed, Petitioner brought this petition.

To the extent Petitioner is arguing that he did not timely file his habeas petition because he mistakenly believed that a § 1983 suit was the proper vehicle, he is not entitled to relief. Courts have held that mere ignorance of the law does not constitute an "extraordinary circumstance" that justifies equitable tolling. *See, e.g.*, *Kevilly v. Connell*, No. 06-CV-5672, 2009 WL 750227, at *5 n.5 (E.D.N.Y. Mar. 19, 2009) (collecting cases). Furthermore, Petitioner filed the § 1983 action in November 2012, more than one year after the underlying events occurred. *See Bonano*, 2016 WL 11263168, at *1. Thus, even if the § 1983 action could *toll* the statute of limitations, it would not *revive* an already untimely habeas claim. *See Brown v. Bell*, No. 19-CV-1295, 2019 WL 5788493, at *3 (N.D.N.Y. Nov. 6, 2019). By the same token, Petitioner's filing of state habeas actions in 2017 and 2018 could not revive his federal habeas claim. *See id.*

Accordingly, based on the straightforward application of § 2244(d), the Court concludes that the petition is untimely. Petitioner's claims related to the miscalculation of his sentence are

DISMISSED. Because no claims remain, the Clerk of Court is directed enter judgment and close this case.

Because Petitioner failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability will issue. *See* 28 U.S.C. § 2253(c)(2). The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this judgment would not be taken in good faith and that leave to appeal as a poor person is denied.

IT IS SO ORDERED.

Dated: November 19, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court